## Mark H. WILSON v. Mary WHITE

78-250                                                578 S.W. 2d 577

Opinion delivered April 2, 1979
(Division I)

---

*Tommy H. Russell,* for appellant.

*Ward, Rhodes & Garrett,* for appellee.

JOHN I. PURTLE, Justice. Joan Wordehoff purchased a $10,000 Certificate of Deposit from Pulaski Federal Savings and Loan Association on May 16, 1973, payable on her death to her sister, Mary White. April 22, 1974, Joan Wordehoff went by a branch office of Pulaski Federal Savings and executed a form appointing the officers of Pulaski Federal Savings to transfer the Certificate of Deposit to Mark Wilson, her brother, at her death. Joan Wordehoff died January 16, 1975. The original Certificate of Deposit was still in her possession at the time of her death. It was turned over to the First National Bank as administrator and the bank promptly abandoned the Certificate of Deposit as an asset of the estate and held it as escrow agent until the court ruled to whom it should be delivered. Mary White petitioned the Pulaski County Probate Court to give her the Certificate of Deposit and the court did so. The court then approved the final accounting of First National Bank and delivered the Certificate of Deposit to Mary White. Mark Wilson gave notice of appeal.

At the hearing on the petition of Mary White, an employee of Pulaski Federal Savings testified it was their custom to have the customer sign a signature card which was their contract with the customer. She further testified it was their custom, when changing the name of the beneficiary, to have the customer sign an authorization card allowing the account to be closed. The next step, when changing beneficiaries, was to surrender the original certificate and then issue a new one and finally obtain a newly executed signature card.

The customer completed the first step by executing a contract authorizing Pulaski Federal Savings to transfer the account to Mark Wilson. However, she never followed through with the other requirement of Pulaski Federal Savings in completing the transfer although she was notified by letter it would be necessary to surrender the old certificate and execute a new contract. At the time of the customer's death, some nine months later, the original Certificate of Deposit was still in her possession and Pulaski Federal Savings had not accepted the transfer to the new account.

The controlling statute is Ark. Stat. Ann. § 67-1838 (Repl. 1966) which reads in part as follows:

. . .

(5) If a person opening or holding a savings account shall execute and file with the association a designation that on the death of the person named as holder, the account shall be paid to or held by another person or persons, the account, and any balance thereof which exists from time to time, shall be held as a payment on death account and unless otherwise agreed between the person or persons opening the account and the association:

(a) Upon the death of the holder of the account, the person or persons designated by him and who have survived him shall be the owners of the account (as **joint tenants with right** of survivorship if more than one) and any payment made by the association to any of such persons shall be a complete discharge of the association as to the amount paid;

(b) The person to whom such account is issued may change during his lifetime the designation of any of the persons who are to be holders at his death, by a written direction accepted by the association;

(c) The person to whom such account is issued may pledge, withdraw or receive payment and any

such payment made by the association shall be a complete discharge as to the amount paid.

Evelyn Bowen, who handled the transaction for Pulaski Federal Savings, stated:

"I told her that I would need for her to sign an authorization, bring me the certificate so that I could transfer it from one account into the other account. I couldn't transfer it without having the other certificate, the original certificate. Otherwise, the customer would have two money instruments."

The cases cited by appellant either pre-date Ark. Stat. Ann. § 67-1838 or are cases concerning bank accounts as contrasted to savings and loan accounts. None of the cited cases were controlled by the above statute. § 5(b) of the statute requires the transfer in such cases to be in writing and accepted by the association. The evidence clearly establishes that Pulaski Federal Savings never accepted the transfer of the account because the old certificate was not surrendered, nor was a lost passbook or lost instrument affidavit signed by the depositor.

In view of the fact that the depositor still retained the original Certificate of Deposit in her possession at the time of her death nine months after the original authorization was executed, we cannot say she intended to follow through with the change. Additionally, she had been told in person and notified by letter that it would be necessary for her to complete the other transactions yet she never made any attempt to do so. In any event, the association never accepted the change in beneficiaries. Therefore, the necessary documents to effect the transfer were never completed.

We agree with the learned probate judge that Mary White was entitled to receive the Certificate of Deposit according to the contract between the depositor and the association.

We do not reach the question of whether appellant had

standing to file the appeal as our decision would be adverse to his position in any event.

Affirmed.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and BYRD, JJ.